UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-105-FDW

| | |
|---|---|
| WILL COMPTON, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| WENDALL HARGRAVE, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's habeas petition which is filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner is a prisoner of the State of North Carolina who is serving a life sentence following his conviction on four counts of first-degree sexual offense on October 12, 1994, in Mecklenburg County Superior Court. Petitioner is presently housed at the Alexander Correctional Institution within this district. In his habeas petition, Petitioner states that he pled guilty in a disciplinary proceeding pursuant to a plea agreement to one charge of willfully tampering, blocking or damaging a locking device. Petitioner was sentenced on December 30, 2011, and as is relevant here, Petitioner lost 30-days of good time credit. (5:14-cv-105, Doc. No. 1 at 1).[1] Petitioner contends that he agreed to plead guilty in exchange for a reduced sentence but that agreement was apparently breached. Petitioner appealed his sentence to the Chief Disciplinary Officer, Hattie Pimpong, and it appears that his sentence was upheld on appeal on

---

[1] It is unclear from the petition whether Petitioner lost any other type of credits such as gain-time credits that may have served to reduce the duration of his sentence.

1

May 30, 2012. (Id. at 2).

Petitioner then contacted the North Carolina Prisoner Legal Services and was informed on November 18, 2013, that "[t]here is no general state court review of prison disciplinary procedures." (Id. at 3). Petitioner's § 2254 habeas petition was filed at the earliest on June 9, 2014, which is the date that he avers that he placed the petition in the prison mailing system.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, pursuant to the provisions of 28 U.S.C. 2244(d) that,

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner contends that the one-year time limitation is not an issue in his case, but he offers no explanation as to why this limitation period should not apply to his petition. (Doc. No. 1 at 9). On the present record, it appears that Petitioner's habeas petition is subject to dismissal as untimely because it looks as though it was filed more than one

2

year after his disciplinary sentence became final. The Court will therefore afford Petitioner the opportunity to explain why he contends his § 2254 petition is timely under the provisions of § 2244(d). See Hill Braxton, 277 F.3d 701 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that Petitioner shall file a response which explains why he contends that his § 2254 petition is timely filed and he must file this response within **14-days** from entry of this Order. Failure to file this response will result in the Court proceeding to consider the merits of the § 2254 petition, including whether the petition should be dismissed as untimely.

**IT IS FURTHER ORDERED** that Petitioner shall clarify whether he lost any other type of credits that may have served to reduce the duration of his prison sentence.

**IT IS SO ORDERED.**

Signed: July 28, 2014

Frank D. Whitney
Chief United States District Judge