UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-105-FDW

| | |
|---|---|
| WILL COMPTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WENDALL HARGRAVE, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on consideration of Petitioner's habeas petition which he filed pursuant to 28 U.S.C. § 2254.

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who is serving a life sentence following his conviction on multiple counts of first-degree sexual offense on October 12, 1994, in Mecklenburg County Superior Court. Petitioner is presently housed at the Alexander Correctional Institution within this district.

In his habeas petition, Petitioner states that on December 30, 2011, he pled guilty pursuant to a plea agreement to the disciplinary charge of willfully tampering, blocking or damaging a locking device. Judgment was entered that same day, and as is relevant here, Petitioner was sentenced to 30-days of credit time lost. (5:14-cv-105, Doc. No. 1 at 1). However, Petitioner contends that he agreed to plead guilty in exchange for a reduced sentence but that agreement was allegedly breached. Petitioner appealed his sentence to the Chief Disciplinary Officer, Hattie Pimpong, and he avers that his sentence was upheld on appeal on May 30, 2012.

1

(Id. at 2).

Petitioner then contacted North Carolina Prisoner Legal Services and was informed on November 18, 2013, that "[t]here is no general state court review of prison disciplinary procedures." (Id. at 3). Petitioner's § 2254 habeas petition was filed at the earliest on June 9, 2014, which is the date that he avers that he placed the prison in the prison mailing system.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that,

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Petitioner contends that the one-year time limitation is not an issue in his case, but he offers no explanation as to why this limitation period should not apply to his petition.

2

(Doc. No. 1 at 9). On July 28, 2014, the Court entered an Order which directed Petitioner to explain why his § 2254 petition should not be dismissed as untimely and he was provided 14-days from entry of the Order to file such a response. (Doc. No. 2). As of August 20, 2014, Petitioner has filed no response and the time to do so has expired.

The Court first turns to the allegations in the petition. Petitioner contends that, as part of his punishment, he incurred "30 days credit time lost", but it is unclear whether this refers to good-time credits which could result in a reduced sentenced. Because it was also unclear from his petition whether he may have lost other credits that could affect the duration of his sentence, in the July 28th Order, the Court directed Petitioner to provide information on whether he may have lost any other type of credits as part of the disciplinary proceeding that may have affected the duration of his sentence. Petitioner did not respond to provide this additional information.

Nevertheless, assuming that Petitioner did lose 30-days of credit which could affect the duration of his sentence, then he appears to have stated a cognizable federal habeas claim. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of confinement or to particulars affecting its duration are the province of habeas corpus [.]"); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (a federal habeas action is the "sole federal remedy" when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from imprisonment . . .")).

The Court has considered the timeline of the events that are contained in Petitioner's § 2254 petition. If Petitioner's disciplinary sentence was final on May 30,

2012, then it would appear that he must have filed his § 2254 petition within one year of that date. However, the petition was not filed until June 9, 2014, at the earliest.[1] His petition is therefore untimely and it should be dismissed as being filed outside the one-year time limitatio.

The Court further finds that Petitioner is not entitled to an equitable tolling of the one-year statute of limitation because he cannot show that he has been pursuing his rights diligently and that an extraordinary circumstance prevented his timely filing. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Simply put, contacting North Carolina Prisoner Legal Services, or seeking any other form of legal advice, on these facts, cannot serve to toll the statute limitation because any delay in obtaining legal advice is not an extraordinary circumstance.

For the foregoing reasons, this federal habeas petition will be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2254 petition is **DISMISSED** as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural

---

[1] The Court finds that Petitioner cannot satisfy any of the provisions of § 2244(d).

grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 29, 2014

Frank D. Whitney
Chief United States District Judge